BEFORE THE SECOND DIVISION, SEPTEMBER 20, 1965

**No. 69544.**—The Garcia Corp. *v.* United States, protests 59/13776, etc. (New York).

FORD, Judge:   The cases listed on schedule "A," attached hereto and made a part hereof, have been submitted on a written stipulation as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A" and checked HM (Examiner's initials) by Examiner Harry Menschenfreund (Examiner's name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, consist of plastic boxes, assessed with duty at 30½, or 29, or 27½ per centum ad valorem, depending on the date of entry or withdrawal from warehouse, under the provisions of paragraph 1211 of the Tariff Act of 1930, as modified, and paragraph 1559, as amended, on the basis that said boxes are containers for fishing lines, and an additional duty of 21, 20, or 19 per centum ad valorem, depending on the date of entry or withdrawal from warehouse, under paragraph 397, as modified, and paragraph 1559, as amended, of said Act and in accordance with Section 504 of said Act on the basis that said boxes were unusual containers.

IT IS FURTHER STIPULATED AND AGREED that said plastic boxes are not containers for fishing lines, but are in fact separate articles of commerce

and as such are not subject to duty under paragraph 1211 and Section 504, but dutiable at 21, or 20, 19 per centum ad valorem under paragraph 397, Tariff Act of 1930, as modified, and paragraph 1559, as amended, depending on the date of entry or withdrawal from warehouse.

IT IS FURTHER STIPULATED AND AGREED by and between the parties hereto that the matters herein be remanded to a single judge sitting in reappraisements for a determination of the value of the merchandise in the manner provided by law.

IT IS FURTHER STIPULATED AND AGREED that the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid.

Accepting the foregoing stipulation of facts and upon reviewing the official papers herein, we find and hold that there was no separate appraisement for the items marked "A" but merely a finding of "cost." Since it has been agreed by and between counsel for the respective parties that the items marked "A" are not unusual containers, the appraisements and liquidations are void. *United States* v. *William Heyer*, 31 CCPA 111, C.A.D. 259.

Accordingly, said protests filed against such void liquidations are premature, and the involved protests are hereby dismissed and the matter is remanded for further proceedings to a single judge sitting in reappraisement for determination of the value of the imported merchandise in the manner provided by law.

Judgment will be entered accordingly.